United States District Court
Southern District of Texas
**ENTERED**
July 20, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Liusmila Rodriguez Ulloa, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2360 |
| | § | |
| Randy Tate, *et al.*, | § | |
| | § | |
| Respondents. | § | |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Liusmila Rodriguez Ulloa is a native and citizen of Cuba charged with unlawfully entering the United States in 2022. Docs. 7 at 2; 7-1 at 1. On March 10, 2026, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and she remains in the custody of Respondent, Warden of the Montgomery Processing Center. Docs. 1 at 3, 7 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (2) procedural due process; (iii) the Immigration and Nationality Act; and (iv) the Fourteenth Amendment's Equal Protection Clause.

Before the Court is Respondent's Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondent maintains that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending her removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, No. 4:26-CV-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[1]

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 20th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge

---

[1] To the extent Petitioner argues her present detention constitutes "arbitrary and capricious" government action violative of the Fifth Amendment's Due Process Clause, *see* Doc. 1 at 12–13, the Court also considered and rejected this argument, *id.* at *4 n.4.